WHEELER, KELLY & HAGNY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10688.   Promulgated April 18, 1928.

*Stanley Spurrier, C. P. A.*, for the petitioner.
*L. A. Luce, Esq.*, and *P. M. Clark, Esq.*, for the respondent.

**658**

OPINION.

LANSDON: The petitioner contends that its tax liability should be computed under section 303 of the Revenue Act of 1918, which provides as follows:

SEC. 303. That if part of the net income of a corporation is derived (1) from a trade or business (or a branch of a trade or business) in which the employment of capital is necessary, and (2) a part (constituting not less than 30 per centum of its total net income) is derived from a separate trade or business (or a distinctly separate branch of the trade or business) which if constituting the sole trade or business would bring it within the class of "personal service corporations," then (under regulations prescribed by the Commissioner with the approval of the Secretary) the tax upon the first part of such net income shall be separately computed (allowing in such computation only the same proportionate part of the credits authorized in sections 311 and 312), and the tax upon the second part shall be the same percentage thereof as the tax so computed upon the first part is of such first part: *Provided,* That the tax upon such second part shall in no case be less than 20 per centum thereof, unless the tax upon the entire net income, if computed without benefit of this section, would constitute less than 20 per centum of such entire net income, in which event the tax shall be determined upon the entire net income, without reference to this section, as other taxes are determined under this title. The total tax computed under this section shall be subject to the limitations provided in section 302.

Before a corporation may be granted partial personal service classification it must be established that at least 30 per cent of its net income is derived from a separate trade or business or a distinctly separate branch of the trade or business. The petitioner conducted a fire and tornado insurance agency, and placed loans on improved real estate, both for its own account and on behalf of certain life insurance companies. Before placing the loan petitioner required that the improvements be insured against fire and tornado. These insurance contracts were secured at the time the loan was closed by Edwards and Brasted, whose salaries were paid by the loan department. The evidence does not indicate what portion of the insurance premiums thus resulted from the operation of the loan department, but consideration of the amount of money loaned discloses that a substantial portion might have thus resulted.

In *C. Trevor Dunham, Inc.,* 5 B. T. A. 344, where a corporation which conducted an insurance agency and financed, partly with its

own funds and partly with funds of a trust company, the purchase of automobiles upon which it wrote insurance, the Board held:

The evidence indicates clearly enough that the activities of petitioner are so closely related one to the other and each to the whole that there is neither a separate trade or business nor a distinctly separate branch of the trade or business. As an automobile insurance agent it found a means of increasing its business by financing the purchase of the automobiles upon which it negotiated insurance, and as a further step in this financing it arranged to place loans for the trust company. No one of these was distinct. The costs of the entire business were undividedly applicable to all and the attempt of petitioner's accounting representative to segregate and allocate expenses was not satisfactory.

Without regard to the division into departments, petitioner occupied a one-room office where the fixed assets were used by the entire business organization. Though salaries have been allocated between the departments, the employees served where there was work to be done.

We are of the opinion that the insurance department was not a distinctly separate branch of the business, and that the petitioner is not entitled to partial personal service classification.

Reviewed by the Board.

*Judgment will be entered for the respondent.*